UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00778-FDW-SCR

| | |
|---|---|
| **ECAPITAL RE CORP.,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **JOHN ONSON,** | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment, (Doc. No. 9). For the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART**. Default judgment is entered in Plaintiff's favor in the amount of $5,375,780.93, plus reasonable attorneys' fees in the amount of $11,116.00.

## I. BACKGROUND

On August 27, 2024, Plaintiff eCapital RE Corp. sued Defendant John Onson to recover monies due under a Guaranty Agreement Defendant signed securing debts owed by Rudd Island Holdings LLC. (Doc. No. 1, pp. 1, 4.) On February 19, 2020, Rudd Island borrowed $3,825,000.00 from Plaintiff's predecessor, CNHF Fund II, L.P., ("CNHF"), to finance the purchase of a skilled nursing facility. (Id.; Doc. No. 1-2.) Defendant, a member of Rudd Island, signed a Guaranty Agreement with CNHF, the execution of which was a condition precedent to CNHF issuing the loan. (Doc. No. 1, p. 2; Doc. No. 1-4.) Thereafter, Rudd Island breached its agreement with Plaintiff, and the City of East Providence, Rhode Island ultimately appointed a receiver over the skilled nursing facility property at issue because Rudd Island abandoned the project and it had become a public nuisance. (Doc. No. 1, pp. 2, 5–6.) On August 10, 2023, Plaintiff demanded

1

payment under the Guaranty for the outstanding loan balance, which was $4,640,832.96 at the time. (Id., p. 3; Doc. No. 1-5.) Defendant has not made payment.

Plaintiff served Defendant with a copy of the Complaint in this matter on September 3, 2024. (Doc. No. 6.) Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's deadline to file an Answer was September 24, 2024. That deadline has passed and no response has been filed. The Clerk entered default under Federal Rule of Civil Procedure 55(a) on October 3, 2024. (Doc. No. 8.) Plaintiff now requests default judgment on its claim, plus reasonable attorneys' fees and costs. (Doc. No. 9.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the award of default judgment. In relevant part, it provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general mater, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If a court finds that liability is established, it must then determine damages. E.E.O.C. v. Carter Behav. Health Servs., Inc., No. 4:09-cv-122, 2011 WL 5325485, at *4 (E.D.N.C. Oct 7, 2015) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may

conduct an evidentiary hearing to determine damages, it is not required to do so but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See E.E.O.C. v. N. Am. Land Corp., 2010 WL 2723727, at *2 (W.D.N.C. July 8, 2010).

### III. DISCUSSION

Based upon the well-pleaded allegations in the complaint, exhibits, and other evidence presented before the Court, Plaintiff has established entitlement to relief. By his default, Defendant has admitted the material allegations in the Complaint that Rudd Island breached the terms of its agreement with Plaintiff, triggering Defendant's obligations under the Guaranty. In support of its claims, Plaintiff submitted: the loan agreement; the Guaranty; evidence of Rudd Island's abandonment of the project, which violated the terms of the loan agreement; and its demand for payment under the Guaranty. (See Doc. No. 9.) By failing to meet his payment obligations under the Guaranty, Defendant failed to comply with the terms of the parties' agreement. Plaintiff's allegations, taken as true, are sufficient to state a claim, and the Court hereby grants default judgment on Plaintiff's claim against Defendant.

On issuance of default judgment, North Carolina courts "have consistently followed the rule that the relief to be granted does not depend upon that asked for in the complaint, but upon whether the matters alleged and proved entitle the complaining part[y] to the relief granted." Meir v. Walton, 170 S.E.2d 166, 168 (N.C. Ct. App. 1969). "The party seeking damages must prove them . . . to a reasonable certainty. While the claiming party must present relevant data providing a basis for a reasonable estimate, proof to an absolute mathematical certainty is not required." State Props., LLC v. Ray, 574 S.E.2d 180, 188 (N.C. Ct. App. 2002) (internal citations omitted).

Plaintiff seeks default judgment in the sum certain amount of $5,375,780.93, which represents the amount due under the Guaranty Agreement Defendant executed on April 27, 2020,

3

Case 3:24-cv-00778-FDW-SCR    Document 10    Filed 11/14/24    Page 3 of 5

securing debts owed by Rudd Island Holdings LLC. (Doc. No. 9, p. 12.) Plaintiff supports this request with an affidavit signed by its president. (Doc. No. 9-1.) The Court finds Plaintiff is entitled to $5,375,780.93 in actual damages.

Plaintiff also seeks attorneys' fees and costs. A federal court sitting in diversity applies state law when determining whether to award attorneys' fees. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y., 421 U.S. 240, 259 n.31 (1975). The Guaranty includes a provision that its terms will be governed by the laws of the State of New York. (Id., p. 6.) "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action on the contract is enforceable if the contractual language is sufficiently clear." Am. Builders & Contractors Supply Co., Inc. v. CR1 Contracting LLC, 565 F. Supp. 3d 330, 346 (W.D.N.Y. 2021) (internal citations omitted). The Guaranty provides Defendant "agrees to pay to [Plaintiff] all out-of-pocket expenses (including reasonable expenses for legal services of every kind) of, or incident to, the enforcement of any of the provisions of this Guaranty Agreement." (Doc. No. 1-4, p. 5.) The Court concludes it is sufficiently clear Defendant agreed to pay Plaintiff reasonably attorneys' fees in the event Plaintiff had to enforce the Guaranty. Therefore, Plaintiff is entitled to fees.

In support of its Motion for Default, Plaintiff filed an affidavit setting forth the hourly rate of each attorney and paralegal who performed work prosecuting this case, the number of hours each timekeeper spent, and the tasks completed. (Doc. No. 9-2.) That lodestar results in a total amount of $11,116.00. (Id., p. 1.) The Court finds the hourly rates and time expended to be reasonable. However, Plaintiff requests an additional award for anticipated fees of $7,000.00 in connection with filing this Motion and enforcing the judgment. (Id., pp. 2–3.) Because these amounts are not subject to a reasonableness determination at this time, the Court cannot award them.

4

Case 3:24-cv-00778-FDW-SCR    Document 10    Filed 11/14/24    Page 4 of 5

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. No. 9), is **GRANTED IN PART**, and **IT IS FURTHER ORDERED** that:

1. Default judgment is hereby entered in favor of Plaintiff against Defendant John Onson.

2. Plaintiff recovers actual damages in the amount of $5,375,780.93.

3. Plaintiff is awarded attorneys' fees in the amount of $11,116.00.

4. Plaintiff is awarded Court costs.

5. This judgment is a final judgment.

**IT IS FURTHER ORDERED** that Plaintiff may supplement this Motion with an affidavit to support its reasonable attorneys' fees in preparing this Motion and enforcing the judgment.

**IT IS SO ORDERED.**

Signed: November 13, 2024

Frank D. Whitney
United States District Judge